J. C. REED v. STATE

5208          411 S. W. 2d 285

Opinion delivered January 30, 1967
[Rehearing denied March 6, 1967.]

*Jeff Duty,* for appellant.

*Bruce Bennett,* Attorney General; *Richard B. Adkisson,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to the power of the Circuit Court to grant suspended sentences, and subsequently to revoke same. J. C. Reed, appellant herein, was charged with the crime of burglary, and on January 7, 1963, entered a plea of guilty. The Circuit Court sentenced him to three years in the State Penitentiary, but deferred the pronouncement of sentence, dependent upon the good behavior of appellant. On October 24, 1963, Reed was ordered to appear to show cause why sentence should not be pronounced upon him, and, on November 21 of the same year, the hearing having been continued to that date, the court sentenced appellant to serve one year of the three year term, and stated:

"Pronouncement of sentence of the remaining two years be and is hereby deferred upon the proper behavior of the defendant during the remaining two-year period."

Thereafter, Reed was ordered to again appear on March 30, 1965, to show cause why the additional two years of the original sentence should not be pronounced, but appellant failed to appear, and the clerk of the court was directed to issue a warrant of arrest for him. Appellant was arrested on February 14, 1966, and on February 18, 1966, in open court, the court sentenced Reed to serve the remaining two years, finding that appellant had voluntarily withdrawn from the court's jurisdiction about February, 1965. From this judgment, appellant bring this appeal.

For reversal, it is first argued that the trial court lost jurisdiction to revoke the suspension after the passing of three years from the time of the original suspended sentence (January 7, 1963). We find no merit in this assertion. The last "show cause" order was issued in March, 1965, well within the three-year period. The court found that officers were unable to locate Reed in Washington County or within the State of Arkansas, and

that the parole officer, after a diligent search, was unable to find appellant. It was then found:

"***that the voluntary and willful withdrawal of the defendent from the Jurisdiction of the Court on or about February, 1965, and the failure to make reports to the parole officer, or to receive permission to leave the State, and his failure to appear after notice was given to show cause, constitute and serve to toll the remainder of the three-year statute of limitation within which the Court could exercise his right of pronouncement of sentence on the defendant."

In *Parkerson* v. *State,* 230 Ark. 118, 321 S. W. 2d 207, we held that the fact that the actual hearing on a petition (filed during the period of suspension) for the revocation of a suspended sentence, was not heard until a date beyond the period of suspension, did not divest the trial court of jurisdiction to revoke said suspended sentence. In that case, the hearing was not held until after the period of suspension had expired because of the fact that the defendant had undergone major surgery, and was not able to appear in court. Here, there are more cogent reasons for holding that the court had not lost jurisdiction, for Reed had voluntarily absented himself from the county and state, and could not be found by the officers. Undoubtedly, had this not happened, the hearing would have been held nearly a year earlier. For this court to hold as appellant urges, would simply mean that once a defendant received a suspended sentence, he would need only to go to some locality where he could not be found, and remain there until after the expiration of the period of suspension; he would then be free of any restraint of his personal conduct, occasioned by the court's leniency in holding in abeyance the execution of the sentence. We hold this contention to be without merit.

Appellant next urges that the court retained no power to impose the additional term of two years, after earlier sentencing Reed to a one-year term, that term

having been served; that there was no power to render a "piece meal" sentence. It is insisted that the court was without authority to revoke only a part of the deferred sentence, and suspend the remainder; that, after Reed was committed to the State Penitentiary under the November 21, 1963, order, the authority of the Washington Circuit Court was exhausted. Appellant relies principally upon *Emerson* v. *Boyles,* 170 Ark. 621, 280 S. W. 1005, but that case is not in point. It involved the question of whether a sentence could be set aside, the prisoner returned from the penitentiary, and the case continued. This court held, properly, that the defendant could not be placed in double jeopardy, and quashed the judgment of the Pulaski County Circuit Court, which had ordered Boyles released.

There is authority to support the argument by appellant; in fact, it may be that his position is supported by the majority view. However, we are not favorably impressed with the rationale of the decisions that we have read, and consider the procedure urged by appellant to be in conflict with our own statute. Ark. Stat. Ann. § 43-2324 (Repl. 1964) gives the judge trying a case authority to postpone the pronouncement of final sentence and judgment upon such conditions as he shall deem proper and reasonable for probation, the section concluding with this phrase:

"* * * provided, however, the Court having jurisdiction *may at any time* during the period of suspension revoke the same *and order execution of the full sentence.*" (Our emphasis in each instance)

We particularly call attention to the italicized words, and, in fact, many of our Circuit Courts have, for some period of time, followed the procedure here under attack. The South Carolina Supreme Court had a similar question before it in the case of *Moore* v. *Patterson,* 203 S. C. 90, 26 S. E. 2d 319. In affirming the General Sessions Circuit Court, the Supreme Court stated:

"The question then is: Can a Circuit Judge impose a sentence of imprisonment in a case of this sort and provide in it that after the defendant shall have served a part of the time he be placed on probation for the remainder of the term?"

The court then pointed out that, in imposing sentences, the Circuit Judges of the state had followed the practice in misdemeanor cases of imposing only a part of the sentence, and suspending, during good behavior, the execution of a part of the sentence. It was then said:

"In 1941 the Legislature adopted the probation and parole act, sections 1038-1 to 1038-16 of the Code. The first section of this Act reads as follows: 'After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation.'

"It will be noted that this Act extends the power to suspend sentences to a great many felonies, as well as misdemeanor.

"In view of the long prevailing and approved practice in cases of misdemeanors, before the adoption of the probation law, it is our opinion that Section 1038-1, giving the trial Judges the power to suspend the execution of the entire sentence and to place the defendant on probation, is also intended to give them the right at the time of the sentence to provide for a suspension of a part of such imprisonment and a placing of the defendant on probation, after serving a designated portion of the term of imprisonment."

It seems to us that our statute even more clearly gives the trial court the right to follow the procedure which is here in issue.

After all, how can the defendant properly complain, or contend that he was prejudiced under the circumstances related? To begin with, his entire sentence was suspended, and, by the observance of proper and legal conduct, Reed would never have served *any part* of the three-year sentence. Yet, though violating the conditions of the suspension (which would have justified the court in imposing the full sentence), the judge still, though punishing to some degree the departure from good behavior, gave appellant another chance by suspending the remainder of the three years. Again, appellant had the opportunity to avoid serving the balance, but as before, he violated the trust that had been placed in him. Our Legislature, as well as the courts, has recognized the value and justness of permitting suspended sentences in deserving cases,[1] but it does not follow that one can take advantage of a court's generosity, in requiring a defendant to serve only a small portion of his sentence, and then contend that he should go absolutely free.

Affirmed.

---

1. For instance, see Act 438 of 1965, which supplements the statute herein discussed.