John S. GILL, Jr. *v.* STATE of Arkansas

CR 86-41                                716 S.W.2d 746

Supreme Court of Arkansas
Opinion delivered September 22, 1986

*Herman H. Hankins, Jr.* and *Steven G. Beck,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. ■ This case presents the question of the authority of a court in Clark County to revoke probation imposed by a court in Ouachita County. We hold that the Clark County judge was without authority to revoke the probation.

The appellant, John S. Gill, Jr., is serving a sentence imposed after he pled guilty in Clark County Circuit Court to obtaining property with a check drawn on insufficient funds in violation of Ark. Stat. Ann. § 67-720 (Repl. 1980). When Gill entered his guilty plea, the Clark County Circuit Court judge revoked Gill's probation on an unrelated charge from Ouachita County Circuit Court and ordered the two sentences to be served consecutively. In this appeal, Gill challenges the Clark County Circuit Court's authority to revoke the probation ordered by the Ouachita Circuit Court. The State concedes error. Our jurisdiction to interpret statutes is pursuant to Sup. Ct. R. 29(1)(c).

■■ This situation is governed by Ark. Stat. Ann. §§ 41-1208(3) and 41-1209 (Repl. 1977). Section 41-1208(3) provides that a defendant arrested for violation of probation shall be taken "before the court supervising the probation." Section 41-1209(1) explains that a defendant arrested for violation of probation is entitled to a preliminary hearing as soon as practicable after arrest and reasonably near the place of arrest to determine whether there is reasonable cause to believe he has violated his probation. Once that determination is made, the court "shall

order the defendant held for further revocation proceedings before the court that originally . . . placed him on probation." § 41-1209(1). Section 41-1209(2) further provides that probation "shall not be revoked except after a revocation hearing. Such hearing shall be conducted by the court that . . . placed him [the defendant] on probation. . . ."

Pursuant to these statutes, once appellant was arrested in Clark County for an unrelated crime, he should have been returned to Ouachita County for a revocation hearing.

In making the decision to revoke the Ouachita court's sentence of probation, the Clark County circuit judge relied on Ark. Stat. Ann. § 43-2830.3(D) (Supp. 1985) which provides in part:

> Any person found guilty of a felony and placed on probation or suspended sentence therefor, who is subsequently found guilty of another felony committed while on probation or suspended sentence, shall be committed to the Department of Correction to serve the remainder of his suspended sentence plus the sentence imposed for the subsequent felony. The sentence imposed for the subsequent felony is to be served consecutively with the remainder of the suspended sentence.

The judge's reliance on § 43-2830.3(D) was misplaced. In this situation—where a defendant serving probation for conviction of a felony is convicted of another felony—§ 43-2830.3(D) requires the court to revoke his probation and order him to serve his suspended sentence. The statute does not, however, address the question of which court is empowered to revoke the probation. In the absence of a provision in § 43-2830.3 conferring jurisdiction, the jurisdictional statements contained in §§ 41-1208 and 41-1209 control. Accordingly it was error for the Clark County circuit court to revoke appellant's probation and we reverse.

In so holding, we do not reach the question raised by both parties as to the constitutionality of § 43-2830.3, in light of the U.S. Supreme Court's holdings in *Morrissey* v. *Brewer*, 408 U.S. 471 (1972); and *Gagnon, Warden* v. *Scarpelli*, 411 U.S. 778 (1973) that, before probation or parole can be revoked, the

defendant has a due process right to notice and a hearing. The view we have taken of this case renders it unnecessary to consider this question. We will not decide constitutional issues unless their determination is essential to disposition of the case. *McNew* v. *McNew*, 262 Ark. 567, 559 S.W.2d 155 (1977).

Reversed.