Susie M. CARTER *v.* STATE of Arkansas

CR 01-1380                                                85 S.W.3d 914

Supreme Court of Arkansas
Opinion delivered October 3, 2002

*D. Wayne Juneau*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This case concerns the jurisdiction of a circuit court to revoke proba-

tion. The appellant challenges the jurisdiction of the circuit court to revoke her probation after the expiration of the probation period, and she also argues that the revocation was not supported by sufficient evidence. We hold that, under the facts of this case, the court did not have jurisdiction at the time it issued its order revoking Ms. Carter's probation. We therefore reverse and dismiss.

Appellant Susie Carter pleaded guilty to the charge of delivery of a controlled substance and was sentenced to five years' probation in an order filed on May 13, 1996. Ms. Carter was also ordered to pay fees and fines, to perform community service, to enroll in a substance abuse treatment program, and to enroll in a GED program.

The State filed the first in a series of petitions to revoke probation in 1997. A second petition to revoke was filed by the State in 1998. On both occasions, the circuit court ordered that Ms. Carter's probation be continued under the conditions that were originally imposed.

The State then filed a third petition to revoke Ms. Carter's probation on December 7, 2000, alleging numerous violations of the terms of her probation. A probation revocation hearing was initially set for February 5, 2001. When Ms. Carter failed to appear, the circuit court issued an alias bench warrant for her arrest. After a hearing on March 5, 2001, the circuit court determined that she was indigent, appointed counsel, and set aside the alias warrant. At Ms. Carter's request, the hearing was postponed until April 2, 2001. Also at her request, the revocation hearing was postponed a second time until May 7, 2001. In an order filed on June 6, 2001, the circuit court revoked Ms. Carter's probation and sentenced her to a term of twelve years in the Arkansas Department of Correction.

The Arkansas Court of Appeals certified the instant appeal to this court as an issue of first impression and a significant issue needing clarification and development of the law, or overruling of

precedent. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (5) (2002).

## Jurisdiction

The order of probation was filed on May 13, 1996. The order revoking probation and imposing sentence was filed on June 6, 2001. Therefore, five years and twenty-four days elapsed between entry of the probation order and entry of the order revoking probation. *See Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997) (holding orders are effective upon their entry or filing). For her first point on appeal, Ms. Carter argues that upon the completion of her five years' probation, the circuit court lost jurisdiction and had no power to revoke her probation. The State replies that the order setting the revocation hearing was issued before the expiration of the probation period; that the original hearing date of February 5, 2001, was within the probation period; and that the hearing was delayed only by Ms. Carter's actions. Furthermore, the State alleges that Ms. Carter's failure to appear and subsequent request for a postponement of the revocation hearing tolled the time in which the court had jurisdiction to act. In sum, the State contends the circuit court had jurisdiction so long as some type of process was issued by the State before expiration of the probation period.

■ ■ The resolution of the jurisdictional issue involves the interpretation of Ark. Code Ann. § 5-4-309 (Supp. 2001). This court adheres to the basic rule that a statute is to be interpreted in order to give effect to the intent of the General Assembly by giving words their usual and ordinary meaning. *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993). Criminal statutes are strictly construed with all doubts resolved in favor of the accused. *Manning v. State*, 330 Ark. 699, 956 S.W.2d 184 (1997).

■ ■ With our standards of statutory construction in mind, we turn to the issue of whether the circuit court had jurisdiction under the controlling statutes. We begin with an analysis of whether revocation of probation subsequent to the probation period is indeed a jurisdictional question. A plea of guilty, cou-

pled with a fine and probation, constitutes a conviction. *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001). It is well settled that a trial court loses jurisdiction to modify or amend an original sentence once a valid sentence is executed. *See Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001); *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001); *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998); *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994).[1] Thus, the issue of whether a circuit court can revoke probation after the expiration of the probation period is one of jurisdiction. *See Gill v. State*, 290 Ark. 1, 3, 716 S.W.2d 746, 747 (1986) (holding that without another statutory provision conferring jurisdiction, "the jurisdictional statements contained in §§ 41-1208 and 41-1209 [now §§ 5-4-309 and 5-4-310] control [revocation of probation].").

Revocation of probation is governed by section 5-4-309 of the Arkansas Criminal Code that provides in pertinent part as follows:

> (a) At any time *before the expiration of a period of suspension or probation*, the court may summon the defendant to appear before it or may issue a warrant for his arrest. The warrant may be executed by any law enforcement officer.

> \* \* \* \*

> (d) If the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation *at any time prior to the expiration of the period of suspension or probation*.

> (e) The court may revoke a suspension or probation *subsequent to the expiration of the period of suspension or probation*, provided the defendant is *arrested for violation of suspension or probation*,

---

[1] Our holding in *Bagwell*, *Pike*, *McGhee*, and *Harmon*, that a court loses jurisdiction to modify a sentence *during* a period of probation, has been superceded by Act 1569 of 1999, codified at Ark. Code Ann. § 5-4-301(d) (Supp. 2001). *See Moseley v. State*, 349 Ark. 589, 80 S.W.3d 325 (2002). In the instant case, however, we are concerned with whether a circuit court loses jurisdiction to revoke probation *after* the expiration of the probation period.

*or a warrant is issued for his arrest for violation of suspension or probation, before expiration of the period.*

Ark. Code Ann. § 5-4-309 (Supp. 2001) (emphasis added). Prior to adoption of the current criminal code, our case law had only required that the petition to revoke be filed prior to the expiration of the probation period. *Parkerson v. State*, 230 Ark. 118, 321 S.W.2d 207 (1959). Furthermore, under pre-code case law, the trial court did not lose jurisdiction where the defendant voluntarily and willfully withdrew from the jurisdiction. *Reed v. State*, 241 Ark. 836, 411 S.W.2d 285 (1967). To explain the intended effect of the codification, we may consider the code commentary. *Kyle v. State, supra* (noting that the commentary to a statute is highly persuasive, but not controlling). The original commentary states:

> The Commission thought it preferable to set out the action necessary to toll the running of the suspension of [*sic*, or] probation period. That action — i.e., arrest or issuance of an arrest warrant — is the same as that sufficing to toll the statute of limitations for purposes of § 5-1-109.

Original Commentary to Ark. Code Ann. § 5-4-309 at 119 (Repl. 1995). The supplemental commentary states section 5-4-309(e) generally requires "that any revocation of suspension or probation occur within the period of suspension or probation originally imposed by the trial court." 1988 Supplemental Commentary to § 5-4-309 at 119. Thus, the commentary to section 5-4-309(e) indicates the Arkansas Criminal Code Revision Commission sought to replace the common law exceptions extending jurisdiction with specific statutory exceptions.

In one post-code case, we addressed the question of whether the issuance of an arrest warrant tolls the running of the probation period under section 5-4-309. *Richmond v. State*, 326 Ark. 728, 934 S.W.2d 214 (1996). The defendant in that case had been sentenced to five years probation on February 15, 1989. *Id.* On September 27, 1990, a petition for revocation was filed by the State. That same day, a bench warrant was issued for Richmond's arrest, but he was not served until July 13, 1995, approximately

seventeen months after the probation period had expired. *Id.* Richmond argued that the warrant was not valid because it had not been served prior to the expiration of his probation period. *Id.* We noted that the warrant for Richmond's arrest was issued on September 27, 1990, which was well within the five-year probated sentence. *Id.* Under the plain language of section 5-4-309(e), this court affirmed the trial court's revocation of Richmond's probation. *Id.*

In contrast, the alias warrant in this case was issued for failure to appear. It was not a warrant for Ms. Carter's arrest for violation of probation. In Arkansas, an alias bench warrant is generally used when a person fails to appear at a court proceeding. *See, e.g., Smith v. State*, 313 Ark. 93, 95, 852 S.W.2d 109, 110 (1993). We have also acknowledged that an alias warrant is not based on the underlying charge against the person. *See Hodges v. State*, 267 Ark. 1112, 593 S.W.2d 494 (1980).

Under the plain language of section 5-4-309(e), revocation of probation subsequent to the expiration of the probation period is only authorized upon an arrest for violation of probation or when "a warrant is issued for his arrest for violation of . . . probation" during the probation period. Ark. Code Ann. § 5-4-309(e). Thus, the alias bench warrant issued for Ms. Carter does not meet the statutory requirements because it was not a warrant issued for her arrest for violation of probation.

The State, however, urges this court to only require substantial compliance with the statutory language in Ark. Code Ann. § 5-4-309(e). To support its position, the State relies on *Reynolds v. State*, 282 Ark. 98, 666 S.W.2d 396 (1984), in which this court allowed substantial compliance with a different portion of an earlier version of the section 5-4-309 — Ark. Stat. Ann. § 41-1208 (Repl. 1977). Reynolds was serving a four-year suspended sentence when he was arrested for theft by receiving. *Reynolds v. State*, 282 Ark. 98, 666 S.W.2d 396. Six days before his trial on the theft-by-receiving charge, Reynolds was served with a petition for revocation of his suspended sentence, and after a hearing his suspended sentence was revoked. *Id.* Reynolds argued, in part,

that the circuit court was without jurisdiction because he had not been arrested with a warrant for violation of his suspension; rather, he was under arrest on another charge. *Id.* This court held "[t]he fact that the statute was not strictly complied with would not deprive the trial court of jurisdiction to hear the petition nor void the trial court's action." *Id.* at 100, 666 S.W.2d at 397. From this holding in *Reynolds v. State*, the State concludes that only substantial compliance with all the provisions of section 5-4-309 is required.

The State then suggests that the official commentary to section 5-4-309(e) attempts to harmonize the conditions under which a circuit court retains jurisdiction after expiration of the probation period with the general statute of limitations provisions set out in Arkansas Code Annotated section 5-1-109 (Supp. 2001). Because section 5-1-109(f) provides that a "prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument," the State urges this court to allow the issuance of some "other process" to extend the circuit court's jurisdiction to revoke beyond the probation period.

We decline the State's invitation to extend our holding in *Reynolds v. State, supra,* to the facts of this case. The revocation in *Reynolds v. State* occurred during the period of suspension; therefore, section 5-4-309(e) was not at issue. Furthermore, Reynolds was arrested for committing a crime that could constitute a violation of the terms of his suspended sentence; whereas, in the instant case, the issuance of the alias warrant for Ms. Carter's arrest was not "for violation of suspension or probation," but merely for failure to appear. In view of the plain language in the jurisdictional statements adopted by the General Assembly in section 5-4-309(e), we reject the State's substantial-compliance argument.

Concerning the original commentary to section 5-4-309(e), we have already noted that it is not binding on this court; but even if it were, we disagree with the State's interpretation. The commentary clearly reflects that the Arkansas Criminal Code Revision Commission intended to codify the action necessary to toll the

running of the probation period: "[A]rrest or the issuance of an arrest warrant" for violation of probation. Original Commentary to Ark. Code Ann. § 5-4-309. To engraft the words "or other process" onto section 5-4-309(e), as the State asks us to do, runs counter to the stated intent of the Commission, as well as our well-established policy of strictly construing criminal statutes. *Manning v. State, supra.* Thus, we decline to adopt a policy of substantial compliance with the jurisdictional requirements of section 5-4-309(e).

The State also argues that the postponement of the revocation hearing at the request of Ms. Carter should toll the running of the probation period just as a defendant's request for a continuance prior to trial tolls the running of the speedy-trial period. Such reasoning is without a statutory basis. Section 5-4-309 clearly requires that the revocation order be entered during the probation period unless the probationer is arrested, or an arrest warrant is issued, for a probation violation before the probation period has expired.

■ When Ms. Carter's probation period expired without her having been arrested for a probation violation and without an arrest warrant having been issued for violation of probation, the circuit court lost jurisdiction to revoke her probation under Ark. Code Ann. § 5-4-309(e). Because we hold that the circuit court lacked jurisdiction to revoke her probation, we need not address Ms. Carter's second point on appeal.

Reversed and dismissed.