Donna SUMMERS *v.* Richard David GARLAND

02-462                                                      98 S.W.3d 23

Supreme Court of Arkansas
Opinion delivered February 13, 2003

[Petition for rehearing denied March 13, 2003.]

*Kennard K. Helton*, for appellant.

*Richard David Garland,* for appellee.

Ray Thornton, Justice. On October 1, 1992, the Richard David Garland Trust was established. The trust was created pursuant to the terms of William Otis Garland, Jr.'s will. Appellant, Donna Summers, was the executrix of Mr. Garland's estate. First Commercial Bank was appointed the trustee of the Richard David Garland Trust.[1] The trust consisted of a certificate of deposit worth $100,000.

The terms of the trust provided that appellee, Richard Garland, could use the interest generated by the trust property until he was thirty years old. The trust agreement further provided that if appellee died or was convicted of a felony prior to becoming thirty years old, the corpus of the trust would be divided equally between appellant and Ruby Jo Garland Warren.

On December 3, 1993, prior to appellee turning thirty, he pleaded guilty to a class C felony in Johnson County Circuit Court. Appellee was placed on probation for five years, ordered to pay a fine of $1,000, and ordered to pay court costs in the amount of $397.25. Appellee turned thirty on August 9, 2000.

On August 16, 2000, appellee filed a petition in the Johnson County Circuit Court requesting that the previous charges filed against him be dismissed and that the records involved in his case be sealed. On August 23, 2000, the Johnson County Circuit Judge entered an order finding that appellee had satisfactorily complied with the terms of his probation. The circuit judge also dismissed appellee's class C felony offense, and sealed all records involved in appellee's case.

Appellant and appellee each made demands upon the trustee for the trust property. On October 3, 2000, the trustee filed an interpleader complaint in the Pope County Chancery Court. On October 19, 2000, appellant filed a cross-claim stating that appellee had been convicted of a felony, and requesting that the court award her one-half of the trust property pursuant to the trust agreement. On January 10, 2001, an order was entered authorizing the trustee to retain possession of the trust property until the trial court determined the rightful owner of the property.

---

[1] First Commercial Bank is now Regions Bank.

On February 13, 2001, appellee filed a motion for summary judgment. In his motion, appellee argued that he was entitled to the trust property. Specifically, he argued that because he was placed on probation, had his charges dismissed, and had his record expunged, he was not "convicted" of a felony. He further argued that the sealed documents were privileged from introduction into evidence. Finally, he argued that because "by law" he was not convicted of a felony prior to his thirtieth birthday, he was entitled to the trust property.

On March 26, 2001, appellant responded to appellee's motion for summary judgment. She argued that it was William Garland's intent that appellee not receive the trust property if he was convicted of a felony. She argued that the term "convicted" in Mr. Garland's will and the trust agreement was to have a layman's definition. Appellant further explained that Mr. Garland requested that this provision be included in the trust agreement as an incentive to his son, who had previously demonstrated irresponsible behavior.

On October 2, 2001, a hearing was held on appellee's motion for summary judgment. At the hearing, the trial court found that appellee was convicted of a felony prior to his thirtieth birthday. However, the trial court also found that because the charges against appellee had been dismissed and the records sealed, the conduct was deemed not to have occurred. The trial court further concluded that because the records were sealed, appellant would not be able to prove that appellee was convicted of a felony.

On November 9, 2001, an order granting appellee's request for summary judgment was entered. It is from this order that appellant appeals. We reverse the trial court, and remand this matter for distribution of the trust funds in accordance with this opinion.

On appeal, appellant argues that the trial court erred when it granted appellee's motion for summary judgment. In *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999), we summarized our standard of review of a summary-judgment order. We explained:

In these cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. Our rule states, and we have acknowledged, that summary judgment is proper when a claiming party fails to show that there is a genuine issue as to a material fact and when the moving party is entitled to summary judgment as a matter of law.

*Id.* (citing *Hall v. Tucker*, 336 Ark. 112, 983 S.W.2d 432 (1999)).

Appellant argues that summary judgment was not proper because there was an unresolved fact question. Specifically, she argues that whether William Garland intended the word "convicted," as used in his will and the trust agreement, to be given a layman's definition or whether he intended the word to be given a legal definition is unresolved. The language to which appellant refers appears in paragraph five of the trust agreement. It states:

Principal and income of this trust shall be administered according to the terms of the last will and testament of William Otis Garland, Jr., which was probated in Johnson County, Arkansas, in Johnson County Probate Court case number 91-13. Specifically, the trust property shall be held for the benefit of and ultimately distributed unto Richard David Garland upon his attaining 30 years of age; provided,

(a) that until Richard David Garland attains thirty (30) years of age, he shall be entitled to the use of the interest only generated by the trust property;

(b) that should Richard David Garland die before obtaining thirty (30) years of age or should he be convicted of a felony prior to attaining thirty (30) years of age, then upon the happening of either of these events, then the trust property shall be divided equally between Ruby Jo Garland Warren and Donna Garland Summers.

At the hearing on the motion for summary judgment, the trial court found:

Mr. Garland did plead guilty to a felony and an order of probation was entered finding him guilty of that. In my opinion, therefore, he was convicted of a felony prior to the time he was thirty years old.

■ The trial court's determination that appellee was convicted of a felony is correct. We have explained that a plea of guilty, coupled with a fine and probation, constitutes a conviction. *Carter v. State,* 350 Ark. 229, 85 S.W.3d 914 (2002); *David v. State,* 286 Ark. 205, 691 S.W.2d 133 (1985). Appellee pleaded guilty to manufacturing a controlled substance in violation of Ark. Code Ann. § 5-64-401. This offense is a class C felony. After pleading guilty, appellee was ordered to pay a $1,000 fine and placed on probation for five years. Based on our holding in *Carter, supra,* we conclude that the trial court correctly determined that appellee was convicted of a felony.

Having made this determination, we must now consider whether the trial court erred when it found that appellant was prohibited by an order entered after appellee attained thirty years of age from introducing evidence of appellee's conviction for the purpose of establishing that appellee was not entitled to collect the trust property. The trial court found that because the charges against appellee had been dismissed and the record of appellee's criminal case was sealed, appellant was prohibited from introducing evidence concerning appellee's conviction to establish that appellee had violated the terms of the trust. We conclude that the trial court erred.

■ ■ The facts presented in this case require consideration of a future interest problem. To determine what, if any, effect appellee's expungement may have on the rights of the parties to collect the trust property, we must first determine what interest each person may have had. Looking to the language of the trust, we conclude that Mr. Garland gave appellee and appellant alternative contingent remainder interests in the trust property. "Alternative contingent remainders occur when two contingent remainders follow an estate and the condition precedent for one is the opposite of the condition precedent for the other." John Makdisi, *Estates in Land and Future Interest,* 2d ed. (1995). "A contingent remainder is a remainder that is subject to a condition pre-

cedent." *Id.* A "condition precedent is a condition that must occur before the remainder will be allowed to take following the termination of the preceding life estate(s) and/or fee tail(s)." *Id.*

In the case now on review, the conditions precedent to appellee's possession vesting in the trust property were: (1) attainment of age thirty, and (2) not being convicted of a felony prior to turning thirty. The conditions precedent to appellant's remainder interest were: (1) appellee's death before attainment of age thirty, or (2) appellee being convicted of a felony prior to turning thirty.

██ ██ Appellee failed to meet one of the conditions precedent. Specifically, appellee was convicted of a felony prior to turning thirty. When appellee's conviction occurred, appellant's remainder interest immediately vested and appellee's remainder interest was simultaneously destroyed. The law desires property to vest as soon as possible. *Pickens v. Black*, 318 Ark. 474, 885 S.W.2d 872 (1994). *See also* Thomas F. Bergin & Paul G. Haskell, *Preface to Estates in Land and Future Interests* 2d ed. (1984) (writing that a contingent remainder becomes a present estate immediately upon the expiration of the prior estate). Because appellant's interest in the trust property vested in 1993, when appellee was convicted of a felony, the dismissal of the charges and the sealing of the record that occurred in 2000 were of no consequence. Accordingly, we conclude that one-half of the trust property vested in appellant on December 3, 1993.

Appellant raises one additional point in which she contends that the Johnson County Circuit Court was without jurisdiction to dismiss appellee's conviction and seal the records from his criminal case. Because we have determined that the dismissal of appellee's conviction and the sealing of his criminal records did not interfere with appellant's right to the trust property, we decline to consider this point on appeal.

Reversed and remanded.