Allan Taylor DUNCAN  *v.*  STATE of Arkansas

CA CR 08-141                                    286 S.W.3d 776

Court of Appeals of Arkansas
Substituted opinion delivered November 19, 2008*

---

* REPORTER'S NOTE:  The original opinion was delivered September 3, 2008.

Butler & Green, P.A., by: Chad M. Green, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. On September 3, 2008, this court handed down a published opinion reversing and dismissing the revocation of appellant Allan Taylor Duncan's probation due to lack of jurisdiction, because the record contained no evidence that a judge authorized or participated in the deputy circuit clerk's issuance of the warrant for his arrest on the petition to revoke. The State has now filed a petition for rehearing and motion to supplement the record. We grant both and issue this substituted opinion.

We first consider the State's motion to supplement the record. Arkansas Rule of Appellate Procedure–Civil 6(e) authorizes supplementation of the record in this circumstance.

> If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court before the record is transmitted to the appellate court, or the appellate court on motion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.

In this case, the circuit court entered an order in which it explicitly found probable cause for the issuance of a warrant for Duncan's arrest. This order is material to our previous holding that because there was not a judge-made probable-cause determination the warrant at issue was invalid. The State has now produced a bona fide order establishing that the warrant issued for Duncan's arrest was judicially authorized.

Therefore, just as a circuit court has the power to correct a clerical error to speak the truth after an appellate-court mandate has issued, see, e.g., McCuen v. State, 338 Ark. 631, 634-35, 999 S.W.2d 682, 683-84 (1999), so, too, are we empowered to allow supplementation of the record with an order actually entered, but mistakenly omitted, so that our decision will be based

on the truth. Further, Duncan will not be prejudiced by our decision to allow the record to be supplemented with this vital document. In Duncan's notice of appeal, he designated "the entire record" as the record on appeal. Therefore, the supplemented record will comply with his original request.

On appeal, Duncan contends that the trial court was without jurisdiction to revoke his probation. The facts of this case are not in dispute. Duncan was convicted of third-degree battery and first-degree assault following the entry of a negotiated plea on June 5, 2006. The State filed a petition to revoke Duncan's probation on May 22, 2007. On that same day, a probable-cause order was entered by the circuit judge and a warrant was issued by a deputy circuit-court clerk. A judgment and disposition order that was entered on October 10, 2007, (approximately four months after Duncan's probationary period had expired) revoked Duncan's probation and ordered him to serve twelve months in the Jefferson County Jail.

Our law allows the court to revoke probation subsequent to the expiration of the period of probation if before expiration of the period: 1) the defendant is arrested for violation of probation; 2) a warrant is issued for violation of probation; 3) a petition to revoke the defendant's probation has been filed if a warrant is issued for the defendant's arrest within thirty days of the date of filing the petition; or 4) the defendant has been issued a citation violation of probation or served a summons for violation of suspension or probation. Ark. Code Ann. § 5-4-309(e) (Repl. 2006). However, if one of these four conditions is not met, a court does not have jurisdiction to revoke the defendant's probation subsequent to the expiration of the probation period. *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002).

In our consideration of the trial court's jurisdiction to revoke, in light of the complete (as supplemented) record, it is clear that the second condition was met. A valid warrant was issued prior to the expiration of Duncan's probation. Indeed, the trial court's May 22 order expressly found that there was probable cause for the issuance of a warrant for Duncan's arrest and set terms for his release. Further, the fact that the order did not direct the circuit-court clerk or deputy clerk to issue an arrest warrant is not troubling to us. The order found probable cause for an arrest warrant to be issued. Unlike a probable-cause finding, issuing a warrant is ministerial and does not require an explicit judicial directive or delegation.

In sum, although Duncan's probation was revoked several months after his one-year probationary period had expired, the fact that a valid arrest warrant was issued prior to the expiration of his probation established extra-ordinary jurisdiction. As such, we hold that the trial court had jurisdiction to sentence Duncan to a one-year jail term, and we affirm Duncan's conviction.

Affirmed.

HART, ROBBINS, GRIFFEN, HEFFLEY, and BAKER, JJ., agree.