286 S.W.3d 776 (2008)
Allan Taylor DUNCAN, Appellant,
v.
STATE of Arkansas, Appellee.
No. CA CR 08-141.
Court of Appeals of Arkansas.
November 19, 2008.
*777 Butler & Green, P.A., by: Chad M. Green, North Little Rock, for appellant.
Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.
LARRY D. VAUGHT, Judge.
Appellant Allan Duncan was placed on probation for a one-year period. Subsequent to the expiration of his probationary period, his probation was revoked, and he was sentenced to one-year imprisonment. The issue on appeal is exclusively one of jurisdiction.
The facts of this case are succinct and undisputed. Duncan was convicted of third-degree battery and first-degree assault following the entry of a negotiated plea on June 5, $006. The State filed a petition to revoke Duncan's probation on May 22, 2007. On that same day, a warrant was issued by a deputy circuit court clerk. The record contains no evidence to establish that the warrant was issued with judicial approval or involvement.
A judgment and disposition order was entered on October 10, 2007, (approximately four months after Duncan's probationary period had expired) that revoked Duncan's probation and ordered him to serve twelve months in the Jefferson County Jail.
Our law allows the court to revoke probation subsequent to the expiration of *778 the period of probation if before expiration of the period: 1) the defendant is arrested for violation of probation; 2) a warrant is issued for violation of probation; 3) a petition to revoke the defendant's probation has been filed if a warrant is, issued for the defendant's arrest within thirty days of the date of filing the petition; or 4) the defendant has been issued a citation violation of probation or served a summons for violation of suspension or probation. Ark.Code Ann. § 5-4-309(e) (Repl.2006). However, if one of these four conditions is not met, a court does not have jurisdiction to revoke the defendant's probation subsequent to the expiration of the probation period. Carter v. State, 350 Ark. 229, 85 S.W.3d 914 (2002).
Although the facts are simple, this appeal is complicated; it presents two distinct issues for our consideration. The first is whether we have jurisdiction to consider the matter at all. While Duncan makes a cogent argument on appeal relating to the validity (or lack thereof) of the warrant used to extend the court's jurisdiction over him, he failed to make such an argument below. The State claims that because he failed to challenge the warrant's validity below, he is barred from making such a protest now.
However, the warrant at issue here served two purposes. It functioned (in its traditional purpose) to hail Duncan to court.[1] But, it also served a second, more extraordinary, purpose  extending the lower court's jurisdiction beyond the otherwise legal boundary. Because the warrant's validity in its second function is being challenged by Duncan, we are satisfied that the appeal question is  at its core  one of jurisdiction. Simply put, if a valid warrant was issued, the State has met one of the four conditions that would allow the lower court to enjoy post-probation jurisdiction. If a valid arrest warrant was not issued, then the court is without jurisdiction to revoke. As such, we consider the issue on our own motion. See Townsend v. Ark. State Highway Comm'n, 326 Ark. 731, 734, 933 S.W.2d 389, 391 (1996).
Now we turn to the question of the warrant's validity. A warrant can be issued by a judicial officer who has determined that reasonable cause exists to issue a warrant; the officer may then authorize the clerk of the court or his deputy to issue the warrant. Ark. R.Crim. P. 7.1(c). However, a warrant that is issued by a clerk without the judge's authorization is defective and invalid. Davis v. State, 293 Ark. 472, 739 S.W.2d 150 (1987). Here, we have no evidence of judicial approval. To this, the State says we must assume that the judicial officer was involved  and reject Duncan's "bare claim" that because the face of the warrant does not show the authorized delegation it somehow did not happen. However, in this case, the converse is also true  there is nothing in the record to show that a delegation did occur. Thus, while generally the State is initially presumed to have jurisdiction, according to Arkansas Code Annotated section 5-1-111(b) (Repl.2006), the State is nonetheless required to prove jurisdiction once "evidence *779 is admitted that affirmatively shows that the court lacks jurisdiction or venue."
In Webb v. State, 269 Ark. 415, 601 S.W.2d 848 (1980), the supreme court clearly shut the door on the application of any "assumed good" theory in dealing with the validity of warrants. In that case, the warrant at issue had two initials on its corner. The initials happened to be the same as the judge's. Id. at 419, 601 S.W.2d at 851. The State argued that this was no coincidence  and that it showed that the judge "must" have approved the issuance of the warrant by the clerk. Id., 601 S.W.2d at 851. However, the supreme court refused to "assume that to be the case, and the State offered no evidence at trial that the judge had authorized the clerk to issue the warrant pursuant to Rule 7.1(c). So, clearly the warrant was invalid." Id., 601 S.W.2d at 851.
Because Duncan's probation was revoked several months after his one-year probationary period had expired and no extraordinary jurisdiction was established, we hold that the trial court did not have jurisdiction to sentence Duncan to a one-year jail term. As such, we reverse and dismiss.
Reversed and dismissed.
ROBBINS and GRIFFEN, JJ., agree.
NOTES
[1] There is much case law relating to the effect of an invalid warrant when it is being used for its more traditional purpose  hailing an individual to court or subjecting them to search. As recently as March of this year, our supreme court has reiterated that an invalid warrant does not excuse an individual from prosecution. State v. Richardson, 373 Ark. 1, 280 S.W.3d 20 (2008). As such, if Duncan had been served with an invalid warrant and faced a judge  during his one-year probationary period  who ultimately found Duncan to have violated his probation, the invalidity of the warrant would have no effect on his ultimate sentence.