SLIP OPINION

Cite as 2014 Ark. App. 580

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-1090

| | |
|---|---|
| JAMES MITCHELL GREEN<br>APPELLANT | **Opinion Delivered** OCTOBER 29, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-06-222] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID RAY GOODSON, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

**BILL H. WALMSLEY, Judge**

Appellant James Green appeals from the revocation of his probation. On appeal, he argues that the trial court erred in overruling his confrontation-clause objection. We cannot reach the merits at this time because we must remand for the record to be settled and supplemented.

On March 16, 2006, appellant pled guilty to furnishing prohibited articles and was sentenced to four years' probation. On October 26, 2007, the State filed a petition to revoke appellant's probation, alleging that he had violated several conditions of his probation. The revocation hearing was not held until September 9, 2013. After the hearing, the trial court revoked appellant's probation and sentenced him to three years' imprisonment. The sentencing order was entered on September 20, 2013.

SLIP OPINION

Appellant's four years of probation had expired well before the entry of the order revoking probation. The issue of whether a trial court can revoke probation after the expiration of the probation period is one of jurisdiction. *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002). Although appellant has not raised this issue, the supreme court has consistently held that a trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Gavin v. State*, 354 Ark. 425, 429, 125 S.W.3d 189, 191 (2003).

If the trial court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation *at any time prior to the expiration of the period of suspension or probation*. Ark. Code Ann. § 16-93-308(d) (Supp. 2013) (emphasis added). A court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period:

> (1) The defendant is arrested for violation of suspension or probation;
> (2) A warrant is issued for the defendant's arrest for violation of suspension or probation;
> (3) A petition to revoke the defendant's suspension or probation has been filed if a warrant is issued for the defendant's arrest within thirty (30) days of the date of filing the petition; or
> (4) The defendant has been:
> > (A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation; or
> > (B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation.

Ark. Code Ann. § 16-93-308(f). Here, there is an indication in the record that within the period of probation a warrant was issued for appellant's arrest for violation of probation.

SLIP OPINION

However, the warrant itself is not in the record. If a valid arrest warrant was not issued, then the court was without jurisdiction to revoke. *Duncan v. State*, 103 Ark. App. 107, 286 S.W.3d 776 (2008). Without the arrest warrant or proof of one of the other conditions allowing post–probation revocation pursuant to Arkansas Code Annotated section 16-93-308(f), we cannot determine if the trial court had jurisdiction to revoke appellant's probation. Thus, we remand to settle the record on this issue.

This court has stated that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Whitson v. State*, 2013 Ark. App. 730; Ark. R. App. P.–Civ. 6(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). Accordingly, we remand this case to the trial court to settle and supplement the record. Appellant has thirty days from the date of this opinion to file a supplemental record with this court. Appellant has seven days after the record is supplemented to file a supplemental addendum. Ark. Sup. Ct. R. 4-2(b)(4). We encourage review of our rules to ensure that no other deficiencies are present.

Remanded to settle and supplement the record; supplemental addendum ordered.

HARRISON and GRUBER, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., and *Vada Berger*, Ass't Att'y Gen., for appellee.