Cite as 2026 Ark. App. 331

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-397

| | |
|---|---|
| BRODERICK PODOLAK | Opinion Delivered May 20, 2026 |
| APPELLANT | |
| | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | [NO. 63CR-14-37] |
| STATE OF ARKANSAS | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| APPELLEE | |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**CINDY GRACE THYER, Judge**

Appellant Broderick Podolak appeals after the Saline County Circuit Court revoked his probation on a charge of possession of methamphetamine and imposed a three-year sentence of imprisonment in a regional correctional facility. Podolak's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), asserting that an appeal would be wholly frivolous.[1]

In order to satisfy Rule 4-3(b)(1) and the framework set forth in *Anders*, counsel is required to file a brief in which counsel sets forth all objections and motions decided adversely to appellant and explains why there is nothing in the record that would support an

---

[1]The clerk of this court mailed a copy of counsel's motion and brief to Podolak's last-known address informing him of his right to file pro se points for reversal, but he has not done so.

appeal. We previously ordered rebriefing because counsel failed to adequately explain how the circuit court had jurisdiction to revoke Podolak's probation after his probationary period had expired or why the circuit court's rejection of Podolak's request for a lesser sentence was proper. *Podolak v. State*, 2026 Ark. App. 18. Counsel has now filed another no-merit brief correcting those deficiencies.

Podolak was charged in January 2014 with one count of possession of methamphetamine, a Class D felony, that carried a possible sentence of between zero and six years' imprisonment and a $10,000 fine. On September 2, 2014, he pled no contest to that charge in exchange for a recommended sentence of three years' probation, a $100 fine, and $570 in costs and fees. The State also agreed to not pursue a failure-to-appear charge associated with the case. The no-contest plea statement was signed by Podolak.

The sentencing order was filed September 11.[2] It reflected the three-year probationary sentence and the imposition of a fine and costs. The conditions of probation form—signed by Podolak on September 2 and signed by the court on September 9—provided, in part, that Podolak would not commit a criminal offense punishable by imprisonment; would not use or possess any controlled substance; would not associate with any persons convicted of a felony or engaged in criminal activity; would report to his supervising officer as directed;

---

[2]The sentencing order incorrectly states that Podolak entered a negotiated plea of guilty rather than a plea of nolo contendere.

would inform his supervising officer of any change in address; and would pay $20 each month for his fine, fees, and costs as well as an additional $35 monthly supervision fee.

Approximately three weeks later, on September 26, the State filed a petition seeking to revoke Podolak's probation for failing to report for his September 4 probation intake and failing to make any contact with his probation officer since pleading no contest on September 2. A bench warrant was issued for Podolak's arrest that same day.

Almost ten years later, on August 24, 2024, Podolak was served with the bench warrant. On September 11, the State amended its revocation petition, alleging that Podolak had violated five conditions of his probation by (1) committing a criminal offense (possession of a controlled substance) in Missouri; (2) associating with a known absconder; (3) failing to report for his probation intake; (4) failing to provide a valid address; and (5) failing to make any payments on his fine, fees, or court costs.

Podolak failed to appear for his plea and arraignment on November 4, and another bench warrant was issued for his arrest. He was served with the warrant on January 4, 2025, and was given a $25,000 bond. The bond was reduced to $15,000 at a bond hearing on January 23.

A revocation hearing was held on February 21. At the beginning of the hearing, the parties discussed the possibility of a plea. Defense counsel acknowledged that Podolak had violated the conditions of his probation, and on questioning by the court, Podolak himself admitted he had committed violations of his probation. However, when the State recited the

alleged violations, Podolak challenged one of them. As a result, the court determined that testimony should be taken instead.

Terry Zadavil, Podolak's probation officer, supplied the court with a written copy of the conditions of probation, which Podolak had initialed and signed, indicating that he understood the conditions imposed. He testified that Podolak had absconded after sentencing and was later arrested in August 2024. During his absence, Podolak had been arrested, charged, and placed on probation in Missouri on drug charges.[3] Officer Zadavil testified that, even after his arrest in August, Podolak remained inconsistent in his reporting and that he had tested positive for amphetamine and methamphetamine. Zadavil noted that Podolak had also missed a scheduled November 2024 court date and did not report again until his subsequent arrest in January 2025. Finally, he testified that Podolak had not made any attempt to pay his court-ordered financial obligations and had a balance of $1650 remaining.

Podolak then testified on his own behalf. He testified that he had not been convicted of any felony before his plea in September 2014. At the time of his plea, he thought that he was pleading to a misdemeanor charge; that he had been offered six months' probation in exchange for his plea; and that the charge would be expunged if he remained trouble-free during those six months. He claimed the judge, however, changed the charge to a felony, sentenced him to three years' probation, and imposed $2500 in fines. He testified that he

---

[3]Zadavil testified that Podolak had also absconded in the Missouri case and had been charged with failure to appear in that case as well.

absconded because he had not agreed to plead guilty to a felony because his employer would not employ a felon.

Podolak then stated that, after he was arrested on the outstanding warrant in September 2024, he reported two to three times. He stated that he missed court because he had been hospitalized for congestive heart failure and was given six months to live. He admitted that he tested positive for methamphetamine but claimed that the drug was the "only thing that kept [him] going." He then asked for clemency stating that he would comply with probation for as long as he had left and that he would pay his fines with his retirement money.

After hearing the testimony, the court found that Podolak had violated the terms of his probation. The court stated that it did not believe Podolak's claim that he had not been fully apprised of the nature of his plea when he entered it and that the conditions of his probation clearly stated why he was on probation and the things he was required to do. The State recommended three years in the Arkansas Division of Correction; the defense requested 120 days, less time served, followed by probation. The court found that probation was not appropriate given Podolak's lack of compliance and sentenced him to three years in a regional correctional facility. A sentencing order reflecting this sentence was entered on February 24.

Because this is a no-merit appeal, Rule 4-3(b) requires the argument section of the brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions[,] and requests . . . with an explanation as to why each . . . is not a

5

meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Harvey v. State*, 2022 Ark. App. 283, 646 S.W.3d 292. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

Podolak's counsel has submitted a substituted brief addressing the following adverse rulings: (1) the sufficiency of the evidence supporting the revocation of Podolak's probation; and (2) the circuit court's denial of his request for a lesser sentence.

The first adverse ruling identified by counsel was the revocation itself. Counsel has adequately addressed this issue, noting that Podolak, by his own admission, had absconded from probation and had provided no reason for his failure to pay his court-ordered financial obligations—both clear violations of his probation. A circuit court may revoke a defendant's probation at any time before the expiration of the probationary period if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation.[4] *Yarberry v. State*, 2021 Ark. App. 265. The State has the burden of proving a condition of probation has been violated, and proof of only one violation must

---

[4]Podolak absconded shortly after his probationary period began. The State filed a revocation petition, and a bench warrant was issued on September 26, 2014, well within his probationary period. Because a warrant had been issued for Podolak's arrest before the expiration of the probationary period, the circuit court had jurisdiction to revoke his probation. *See* Ark. Code Ann. § 16-93-308(f)(2) (Supp. 2021); *Heathman v. State*, 2023 Ark. App. 40, 660 S.W.3d 370; *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002).

be shown to sustain a revocation. *Id.* Because Podolak admitted he had violated the conditions of his probation, there was sufficient evidence upon which the court could revoke his probation.

The other adverse ruling addressed by counsel was the circuit court's denial of Podolak's request for a lesser sentence. In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that could have been imposed originally. *Richmond v. State*, 2025 Ark. App. 408. Here, Podolak was sentenced within the statutory guidelines. Possession of a controlled substance is a Class D felony. Ark. Code Ann. § 5-64-419(b)(1)(A) (Repl. 2024). The maximum sentence for a Class D felony shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024). Upon revocation, the circuit court sentenced Podolak to a term of three years' incarceration, which does not exceed the statutory maximum. Thus, no meritorious argument could be made that the circuit court abused its discretion in not sentencing appellant to a lesser sentence.

Affirmed; motion to withdraw granted.

VIRDEN and GLADWIN, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

One brief only.