WAYMOND M. BROWN, Judge
Appellant John Dunn was convicted by a Clark County jury of simultaneous possession of drugs and firearms, manufacture of two or more grams of methamphetamine, use or possession of paraphernalia to manufacture methamphetamine, and possession of a controlled substance (methamphetamine). He was sentenced to an aggregate term of forty years' imprisonment. Appellant does not challenge the sufficiency of the evidence supporting his convictions. Rather, he argues that the trial court erred in allowing him to represent himself without having made a knowing and intelligent waiver of his right to counsel and that he was not competent to conduct trial proceedings pro se. We remand the case to settle and supplement the record. We also order rebriefing for appellant to correct his abstract, brief, and addendum.
We have previously held that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted.[1] Here, during the April 4, 2016 hearing, there was testimony concerning several letters written by appellant to the court while he was incarcerated. According to the testimony, some of these letters showed that appellant was delusional and psychotic at the time they were written. The court stated that the letters were received at the court office and then filed and made a part of the record. However, those letters were not a part of the record on appeal. Therefore, we remand to the trial court to settle and supplement the record with the omitted letters within thirty days.
An omnibus hearing was held on October 14, 2014. The entirety of that hearing, as abstracted, is as follows: "On October 14, 2014, The Court held an omnibus hearing. (R. 276). Mr. Dunn's Counsel, Mr. Beckham, notified The Court that he would file a motion for a mental evaluation with regard to Mr. Dunn's culpability. (R. 24, 277)."
A mental competency review took place on January 6, 2015. The abstract of that hearing is as follows:
The Court held a review to determine the status of Mr. Dunn's mental evaluation on January 6, 2015. (R. 279). The Court entered the order on Mr. Dunn's Petition for Criminal Responsibility Examination *415 (R. 25-29). Mr. Beckham filed a petition for a mental evaluation in October. (R. 24). Mr. Dunn continued to wait for a mental evaluation appointment with Dr. Deyoub. Additionally, Dr. Sean Purifoy (phonetic) received the Release of Medical Records, but did not respond. (R. 280). Mr. Dunn attempted to discuss his case during the proceedings against counsel's advice. (R. 281). The Court also advised Mr. Dunn not to speak. (R. 280-281).
All subsequent hearings in which discussions between the court, counsel, and/or appellant took place are described in third-person format as in the above examples. Our abstracting rule provides that the first-person rather than the third-person shall be used.[2] Because appellant has submitted a brief that is not in compliance with our rules, we order rebriefing.[3]
Additionally, we find appellant's addendum deficient. Arkansas Supreme Court Rule 4-2(a)(8) requires the addendum to include true and legible copies of the nontranscript items on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Here, appellant's addendum lacks the multiple motions filed by appellant; the supporting documents filed with those motions, including appellant's certifications, psychological employment screening, and mental diagnostic evaluation; the responses to those motions as well as the orders; the order relieving counsel; the criminal information and supporting affidavit; the Faretta Motion filed by attorney Winston C. Mathis and the order relieving him as appellant's attorney of record, but listing him as standby counsel; and the order extending the time to prepare the record on appeal. All this information is essential for us to decide the issues on appeal and to confirm our jurisdiction. Also, once the record is settled and supplemented, the letters will need to be placed in the addendum.
We remand to the trial court to settle and supplement the record within thirty days. We order appellant to file a substituted abstract, brief, and addendum within fifteen days from the date the supplemental record is filed.[4] We note that the materials listed are not intended as an exhaustive list of deficiencies, and we encourage counsel to carefully review the rules to ensure that no other deficiencies exist before filing the substituted abstract, brief, and addendum. We are not authorizing appellant to modify his arguments.
Remanded to settle and supplement the record; rebriefing ordered.
Abramson and Klappenbach, JJ., agree.

Green v. State , 2014 Ark. App. 580, 2014 WL 5482979.

See Ark. Sup. Ct. R. 4-2(a)(5)(B) (2018).

Appellant failed to abstract the testimony from page 313 of the record, contending that the page was missing from the transcript. However, the record before this court has the alleged missing page.

Ark. Sup. Ct. R. 4-2(b)(3) (2018).