
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-795

| | |
|---|---|
| | Opinion Delivered June 22, 2016 |
| KEVIN LOUIS McJOY **APPELLANT** | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR-2006-2610] |
| V. | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS **APPELLEE** | APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

## M. MICHAEL KINARD, Judge

The appellant, Kevin Louis McJoy, pled guilty in May 2007 to possession of a controlled substance (cocaine) and possession of a controlled substance (marijuana) with intent to deliver, both Class "C" felonies. He was placed on probation for a period of five years subject to a number of conditions. In February 2011, a petition to revoke appellant's probation was filed. After warrants for his arrest were issued in 2011 and 2012 and after multiple failures to appear, appellant was finally arrested in August 2013. After a revocation hearing held the following month, appellant was found to have violated the terms of his probation, and his probation was extended by an additional two years on the same conditions attached to the original order.[1] In February 2014, the prosecuting attorney filed another

---

[1] Ordinarily, a trial court can revoke a probation or suspension only prior to the expiration of the period of suspension or probation. While the September 2013 order was entered after the expiration of appellant's original five-year probationary period, Arkansas

petition to revoke appellant's probation, and another arrest warrant was issued. Appellant was finally arrested in June 2015. At a hearing held promptly thereafter, appellant entered a negotiated plea of guilty to the violations alleged in the petition in exchange for concurrent three-year sentences for his original drug offenses. An order to that effect was entered on June 22, 2015, and appellant filed a notice of appeal from that order.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), appellant's attorney has filed a motion to be relieved as counsel, stating that there is no merit to the appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel asserts that there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant has filed no such statement.

We must dismiss the appeal. As stated, appellant filed this appeal following his guilty plea to the petition to revoke his probation. As a general rule, one may not appeal from an order entered pursuant to a guilty plea. *Burgess v. State*, 2016 Ark. 175. The rule applies equally to pleas entered to revocations petitions. *See, e.g.*, *McCarty v. State*, 2014 Ark. App. 404; *Cummins v. State*, 2013 Ark. App. 657. Essentially, there are three exceptions to the general rule: (1) where one enters a conditional guilty plea and retains the right to argue one of the specific issues in Ark. R. Crim. P. 24.3(b); (2) when there is a challenge to evidence

_____

Code Annotated section 16-93-308(f) (Supp. 2015) specifically allows a court to continue to exercise jurisdiction over a probationer subsequent to the expiration of the probation where a warrant is issued for the defendant's arrest prior to the expiration.

SLIP OPINION

presented in a sentencing hearing separate from the plea itself; and (3) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea. *Burgess, supra.* We find nothing in this record that would bring appellant's case within any of the exceptions to the general rule of nonappealablity of a guilty plea. Therefore, we dismiss the appeal and grant counsel's motion to withdraw.

Appeal dismissed; motion to withdraw granted.

WHITEAKER and HIXSON, JJ., agree.

*Joseph C. Self*, for appellant.

No response.