

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–57

GHEDEON TRIF

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**OPINION DELIVERED** OCTOBER 5, 2016

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION
[NOS. 60CR-10-1265; 60CR-10-2198]

HONORABLE MARY SPENCER McGOWAN, JUDGE

AFFIRMED IN PART; REVERSED IN PART

## ROBERT J. GLADWIN, Chief Judge

Ghedeon Trif was sentenced in the Pulaski County Circuit Court on September 29, 2015, pursuant to a probation revocation that involved two cases with a conviction date of October 14, 2010. On appeal, Trif contends that the trial court lacked jurisdiction to revoke because his probation had expired on October 14, 2013. We affirm in part and reverse in part.

### I.    *Procedural History*

On October 14, 2010, Trif pled guilty to obtaining drugs by fraud in the circuit court case number CR 2010-1265. On the same day, he pled guilty to two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver in case number CR 2010-2198. He was sentenced to thirty-six months' probation in each case.

SLIP OPINION

On February 10, 2012, the State filed a petition for revocation under each case number, CR 2010-1265 and -2198, but a bench warrant for Trif's arrest was issued only under the latter case number. The State alleged that Trif had violated the terms of his probation because he was arrested on January 29, 2012, in Garland County for driving while intoxicated and refusing to submit to a chemical test. This petition was amended on July 6, 2012, to add that Trif had also violated probation by leaving Pulaski County without permission on the date that he had received the DWI and refusal-to-submit charges.

The bench warrant was recalled on February 14, 2012, but it was reissued on November 5, 2012, still only under case number 10-2198. On November 8, 2012, Trif pled guilty to violating his probation under both case numbers, but, no sentencing order was filed because he was given an appointment for a presentence interview and a January 10, 2013 court date for sentencing. The arrest warrant was recalled on November 9, 2012.

Trif failed to appear for the sentencing hearing on January 10, 2013, and an arrest warrant was issued only under case number 10-2198. The violations listed in the warrant included the original three counts of possessing a controlled substance and "probation revocation." He was arrested on February 11, 2013, for first-degree terroristic threatening. At the hearing on March 4, 2013, Trif's counsel requested that the trial court pass the case until the new charges on terroristic threatening were resolved. No sentencing order was filed.

On April 1, 2013, the State filed an amended petition for revocation under both case numbers and alleged that, in addition to the violations listed in the earlier petitions, Trif had failed to appear in court on January 10, 2013, and had been arrested on February 11, 2013,

2

for terroristic threatening. An arrest warrant was issued only under case number 10-2198 on April 1, 2013, and the violations listed were three counts of possession of a controlled substance and "probation revocation." The warrant was served on April 4, 2013.

On June 17, 2013, Trif pled guilty, filing a plea statement under both case numbers, and he again was admonished to complete a presentence interview and return to court for sentencing. No sentencing order was filed.

On July 10, 2013, the State filed an amended petition for revocation, adding to the original allegations that he had been arrested for attempted rape on July 5, 2013. An arrest warrant was issued on July 10, 2013, only under case number 10-2198, listing the violations as being three counts of possession of a controlled substance and one count of "probation revocation." Trif was arrested pursuant to the warrant on July 24, 2013.

On January 29, 2014, the State filed an amended petition for revocation, listing the following offenses:

> [H]e was arrested on 1-29-12 by the Garland County Sheriff's Department for Driving While Intoxicated and Refusal to Submit to Chemical Test, left Pulaski County without permission from his Probation Officer on 1-29-12, failed to appear in 9th Division Court on 1-10-13, was arrested by Pulaski County Sheriff's Office on 2-11-13 for Terroristic Threatening-1st, was arrested by Saline County Sheriff's Office on 7-5-13 for Attempted Rape, and was arrested by Alexander Police on 12-20-13 for Violation of Protection Order and Driving on a Suspended Driver's License. The above violations occurred after he was placed on probation.

The revocation petition was amended on February 26, 2014, to add that Trif had failed to appear in circuit court on February 20, 2014.

3

On July 28, 2015, Trif again pled guilty to the probation revocation under both case numbers.[1]  No sentencing order was filed, and the trial court continued the sentencing hearing to September 22, 2015.  At that hearing, the trial court sentenced Trif on four Class C felonies, which included the revocations under both case numbers 10-1265 and –2198.  The trial court stated, "The sentence of this court is going to be ten years.  It is going to run consecutive to the sentence that you're serving now; no fine, no court costs."[2]  This appeal timely followed.

## II.     *Applicable Law*

The issue of whether a circuit court can revoke probation after the expiration of the probation period is one of jurisdiction. *Carter v. State*, 350 Ark. 229, 233, 85 S.W.3d 914, 916 (2002).  Although Trif did not raise a jurisdictional argument below, whether a trial court has jurisdiction to revoke probation is an argument that we may address for the first time on appeal. *See Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003).

"Following a revocation hearing . . . in which a defendant has been found guilty or had entered a plea of guilty . . . the court may . . . lengthen the period of suspension or the period of probation within the limits set by § 5-4-306." Ark. Code Ann. § 16-93–309(a)(2) (Supp. 2015).  A probationary period shall be set for a definite period of time, not to exceed

---

[1] The State moved to amend the revocation petition to read "false imprisonment" instead of "attempted rape," and the motion was granted.

[2] The trial court's reference to the "sentence that you're serving now" related to a sentence he had received in the Saline County Circuit Court.

the maximum jail or prison sentence allowable for the offense charged. Ark. Code Ann. §

5-4-306 (Repl. 2012).

> A court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation if before expiration of the period:
> (1) The defendant is *arrested* for violation of suspension or probation;
> (2) A *warrant is issued* for the defendant's arrest for violation of suspension or probation;
> (3) A petition to revoke the defendant's suspension or probation has been filed if a warrant is issued for the defendant's arrest within thirty (30) days of the date of filing the petition; or
> (4) The defendant has been:
>> (A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation; or
>> (B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension or probation.

Ark. Code Ann. § 16-93-308(f) (Supp. 2015) (emphasis added); *see also McJoy v. State*, 2016

Ark. App. 337, at 2 n.1; and *Johnson v. State*, 2015 Ark. App. 353, at 2 n.2. Our supreme

court has stated the following:

> We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect derived from the whole. *Id.* However, we will not interpret a statute, even a criminal one, so as to reach an absurd conclusion that is contrary to legislative intent. *Windsor v. State*, 338 Ark. 649, 1 S.W.3d 20 (1999).

*Harness v. State*, 352 Ark. 335, 342, 101 S.W.3d 235, 240 (2003).

### III.    *Jurisdiction to Revoke Probation*

Trif argues that the trial court lacked jurisdiction to revoke his probation on July 28,

2015, because it had expired on October 14, 2013—three years after it had been imposed

by entry of judgment-and-disposition orders in each case on October 14, 2010. Trif asserts that the trial court did not cause to be entered any judgment or sentencing order extending his period of probation beyond three years. *See Carter*, *supra* (where the circuit court lost jurisdiction to revoke probation upon expiration of the probation period, probationer was not arrested, nor was an arrest warrant issued for a probation violation before the probation period had expired). Thus, Trif claims that the circuit court lacked jurisdiction to revoke his probation, and this court should reverse and dismiss the two sentencing orders entered against him.

The State contends that the trial court had jurisdiction to revoke Trif's probation based on Arkansas Code Annotated section 16-93-308(f) because he had been arrested for a probation violation. *See Williams v. State*, 2015 Ark. App. 245, 459 S.W.3d 814 (where appellant's probation was revoked after the original probation period had expired because he was arrested for the violation prior to his probation's expiration). Here, Trif was arrested for a violation of probation on February 11, 2013, April 3, 2013, and July 24, 2013, all prior to October 14, 2013, thus falling under Arkansas Code Annotated section 16-93-308(f)(1).

The State also contends that, based on Arkansas Code Annotated section 16-93-308(f)(2), probation may be revoked beyond the probationary period if a valid arrest warrant has been issued before the expiration of a probation period. Here, warrants were issued for Trif's arrest for a violation of his probation on February 10, 2012, November 5, 2012, January 10, 2013, April 1, 2013, and July 10, 2013. Thus, the State contends that Trif's revocation should be affirmed.

SLIP OPINION

In his reply brief, Trif asserts that the arrest warrants relied on by the State were issued only in case number 10-2198. He contends that the warrants do not satisfy either subsection 308(f)(1) or 308(f)(2). Trif "acknowledges" that these subsections "have some ambiguity." He asks this court to consider whether service of any probation-revocation arrest warrant, even one not issued or served with respect to the probation-revocation case at issue, but with respect to some other probation-revocation case, may satisfy the statute.

We hold that it does not and agree that without entry of a sentencing order or an order extending Trif's probation, despite Trif's plea of guilty, the circuit court lost jurisdiction of case number 10-1265 because Trif was not arrested nor was an arrest warrant issued pursuant to that case number. Resolving all doubts in the interpretation of probation-revocation statutes in favor of the defendant, *Carter*, *supra*, we hold that the arrest warrant issued and served in connection with case number 10-2198 was insufficient to give the trial court jurisdiction to revoke an expired period of probation in case number 10-1265. Therefore, we reverse and dismiss the sentencing order entered in case number 10-1265 on September 29, 2015, and affirm the sentencing order in case number 10-2198.

We note that Trif contends this reversal and dismissal would lower his aggregate sentence from twenty to ten years.[3] We find that the remaining sentencing order under case number 10-2198 is unambiguous in its 120-month aggregate sentence.

---

[3] The sentencing order filed September 29, 2015, in case number 10-2198 reflects that Trif was sentenced to 120 months' imprisonment in the Arkansas Department of Correction (ADC) for two counts of delivery of hydrocodone/acetaminophen, consecutive to case number 10-1265 and "time being served," and 120 months' imprisonment in ADC for one count of possession of hydrocodone/acetaminophen, consecutive to all counts or case number 10-1265 and "time being served." The sentencing order filed September 29,

Affirmed in part; reversed in part.

VIRDEN and GLOVER, JJ., agree.

*Haylie Lott*, Deputy Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.

---

2015, in case number 10-1265 reflects that Trif was sentenced to 120 months' imprisonment in ADC for one count of obtaining drugs by fraud, consecutive to case number 10-2198 and "time being served." Both orders reflect that the total time to be served for all offenses was 120 months. Under "additional info," the trial court states in both, "Sentenced to 120 months at ADC; no fine & no court costs assessed, no expungement; 123 days jail credit; both cases to run consecutive with time being served."