SLIP OPINION

Cite as 2017 Ark. App. 11

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-644

| | |
|---|---|
| | **Opinion Delivered** January 18, 2017 |
| DEANGELO DARNELL BATES | |
| | APPEAL FROM THE PULASKI |
| APPELLANT | COUNTY CIRCUIT COURT, |
| | SEVENTH DIVISION |
| V. | [NO. 60CR-14-1532] |
| | |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, JUDGE |
| | |
| APPELLEE | APPEAL DISMISSED; MOTION TO |
| | WITHDRAW GRANTED |

**DAVID M. GLOVER, Judge**

On March 16, 2015, appellant Deangelo Darnell Bates entered a negotiated plea of guilty to the offenses of felony theft of property, criminal mischief in the second degree, and felony fleeing. He was placed on forty-eight months' probation. The State filed a petition to revoke Bates's probation in June 2015, alleging Bates had tested positive on two occasions for marijuana and had failed to pay restitution, fines, and court costs; Bates pled guilty to violating his probation and was placed on forty-six months' probation. The State filed a second petition to revoke Bates's probation in November 2015, alleging he had again tested positive for marijuana and had failed to pay restitution, fines, and court costs. At the revocation hearing, Bates pled guilty to the court and agreed he had tested positive for marijuana and had failed to pay restitution, fines, and court costs. The trial court revoked Bates's probation and sentenced him to five years in the Arkansas Department of Correction.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Arkansas

Rules of the Supreme Court and Court of Appeals, Bates's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Bates made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Bates with a copy of his counsel's brief and notified him of his right to file pro se points; he has not filed any points.

We must dismiss this appeal because Bates pled guilty to the petition to revoke his probation. As a general rule, a defendant may not appeal from an order entered pursuant to a guilty plea; this rule is also applicable to pleas entered in a revocation proceeding. *McJoy v. State*, 2016 Ark. App. 337. There are essentially three exceptions to the general rule: (1) when one enters a conditional guilty plea and retains the right to argue one of the specific issues in Ark. R. Crim. P. 24.3(b); (2) when there is a challenge to evidence presented in a sentencing hearing separate from the plea itself; and (3) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea. *Id*. This case does not fall into any of the three exceptions to the general rule of the nonappealability of a guilty plea. Therefore, we dismiss the appeal and grant counsel's motion to withdraw.

Appeal dismissed; motion to withdraw granted.

WHITEAKER and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, *Pat Aydelott*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.