Cite as 2020 Ark. App. 501

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-724

|  |  |
|---|---|
| | **Opinion Delivered:** October 28, 2020 |
| BRYANT DEWIGHT ADAMS <br> APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-12-192] |
| V. | |
| STATE OF ARKANSAS <br> APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | AFFIRMED |

### WAYMOND M. BROWN, Judge

Appellant Bryant Adams appeals the order revoking his probation on an underlying charge of aggravated assault and sentencing him to eighteen months' imprisonment. He contends that the court was without jurisdiction in 2017 to revoke his probation because at the time of the revocation, his probationary period had already ended. We affirm.

On February 4, 2013, appellant pled guilty to aggravated assault and was sentenced to three years' probation. The State filed a petition to revoke appellant's probation on August 10, 2015. An arrest warrant was issued for appellant the same day; it was returned on September 4.[1] A second revocation petition was filed on January 10, 2017. At the

---

[1]The State supplemented the record and addendum to include the arrest warrant and return.

February 13 revocation hearing, the State went forward with the initial revocation petition filed in 2015. Appellant was found guilty of violating the terms and conditions of his probation and was sentenced to an additional three years' probation in the order entered February 13. The State subsequently filed another revocation petition on November 20, 2017. The revocation hearing took place on June 6, 2019. At the hearing, appellant admitted that he had not reported as ordered. The court found that appellant inexcusably failed to comply with the terms of his probation by not reporting as directed. Appellant was sentenced to eighteen months' imprisonment followed by three years' suspended imposition of sentence. The sentencing order was filed the same day. Appellant filed a timely notice of appeal. This appeal followed.

Appellant argues that by the time his probation was revoked in February 2017, his probation had already been expired for over a year. Thus, he contends that the court lacked jurisdiction to revoke his probation and extend it in 2017. The issue of whether a circuit court can revoke probation after the expiration of the probation period is one of jurisdiction.[2] Although appellant did not raise a jurisdictional argument below, whether a circuit court has jurisdiction to revoke probation is an argument that we may address for the first time on appeal.[3] A court may revoke probation subsequent to its expiration in several situations, including if the defendant is arrested for the violation or if a warrant is issued for the defendant's arrest for violation prior to the expiration of the probationary

---

[2] *Trif v. State*, 2016 Ark. App. 452, 503 S.W.3d 802.

[3] *Id.*

2

period.[4]    Here, the State presented evidence that a warrant was issued for appellant's arrest in August 2015 for violating his probation, and it was returned in September 2015. Therefore, despite appellant's contention, the circuit court did have jurisdiction to revoke his probation in February 2017.

In the opening brief, appellant asserted that the court lacked jurisdiction to revoke his probation in 2017 because at the time of the revocation, his probationary period had already ended. In his reply brief, appellant argues that the revocation petition filed in January 2017 superseded the 2015 petition because it did not adopt and incorporate the 2015 petition. He also argues that no arrest warrant was issued or served upon him for either the January 2017 or the November 2017 petitions to revoke. However, we do not address these new arguments because an argument cannot be raised for the first time in a reply brief.[5] Even if we were to address the arguments, appellant has failed to cite convincing authority supporting his contention that a subsequent revocation petition supersedes a prior one.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Hancock Law Firm*, by: *Sharon Kiel*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

[4]Ark. Code Ann. § 16-93-308(f)(1)–(2) (Supp. 2019).

[5]*Longeway v. State*, 2018 Ark. App. 356, 553 S.W.3d 180.