Cite as 2024 Ark. App. 222

# ARKANSAS COURT OF APPEALS

## DIVISION I
No. CR-23-301

| | |
|---|---|
| KRIS HANSON | Opinion Delivered April 3, 2024 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | [NOS. 04CR-14-756; 04CR-15-252] |
| STATE OF ARKANSAS | HONORABLE ROBIN F. GREEN, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Kris Hanson appeals from the order of the Benton County Circuit Court revoking his probation and sentencing him to twelve years' imprisonment. On appeal, Hanson argues that the circuit court lacked jurisdiction to revoke his probation. We affirm.

On September 29, 2015, Hanson was placed on five years' probation after pleading guilty to theft of property and possession of a controlled substance. On May 24, 2017, the State filed a petition for revocation alleging seven violations of the conditions of his probation. A warrant for Hanson's arrest on the revocation petition was issued on June 6, 2017, but Hanson was not arrested until August 9, 2018. On September 6, 2018, Hanson appeared for a revocation hearing and admitted guilt on counts one through seven of the revocation petition. However, his probation was not revoked at that time, and he was

released and ordered to appear for a sentencing hearing on November 8, 2018. Hanson did not appear for the sentencing hearing, and a warrant for failure to appear was issued. Hanson was not arrested on this warrant until March 2021. He appeared in court in April 2021 and was ordered to appear on May 20, 2021, for a sentencing hearing. Hanson again failed to appear on that date.

On May 24, 2022, the State filed an amended petition for revocation, which alleged the violations contained in the original petition and new violations. Hanson was arrested on a failure-to-appear warrant in July 2022. A final hearing was held on October 20, 2022. The court recounted that Hanson had

> failed to appear in this court for his sentencing hearing. I'd ordered him to be released on his own recognizance. Normally I do that to give an individual the opportunity to get back in the good graces of probation prior to sentencing, which certainly would have been to his benefit. Instead, he took off and has disappeared for years now.

The court noted that Hanson had previously admitted seven allegations were true and stated that Hanson would be sentenced for those violations after addressing the new allegations. Hanson then admitted the new allegations. The circuit court revoked his probation and sentenced him to twelve years' imprisonment.

On appeal, Hanson argues that the circuit court lacked jurisdiction to revoke his probation in 2022 because his five-year probation had expired in 2020 and there were no circumstances allowing for revocation after the expiration of the probationary term. Whether a circuit court can revoke probation after the expiration of the probation period is

2

an issue of jurisdiction and may be addressed for the first time on appeal. *Trif v. State*, 2016 Ark. App. 452, 503 S.W.3d 802.

Arkansas Code Annotated section 16-93-308(f) (Supp. 2023) provides that a court may revoke probation subsequent to the expiration of the period of probation if before expiration of the period either (1) the defendant is arrested for violation of probation; (2) a warrant is issued for the defendant's arrest for violation of probation; or (3) a petition to revoke the defendant's probation has been filed if a warrant is issued for the defendant's arrest within thirty days of the date of filing the petition.[1]

Hanson argues that none of these circumstances occurred, noting that the amended petition to revoke was filed in 2022 and that the warrant issued in 2018 on which he was arrested in 2021 was for failure to appear, not violation of probation. As the State notes, however, a warrant for Hanson's arrest for violating his probation was issued within the probationary period on June 6, 2017, and he was arrested on this warrant on August 9, 2018. A revocation hearing was held on September 6, 2018, but the matter remained pending. Hanson was released on his own recognizance and directed to return to court on November 8, 2018. Hanson failed to appear on this date, and the original revocation petition was not resolved until October 2022. Under these circumstances, the warrant issued in 2017 and Hanson's arrest in 2018 both gave the circuit court jurisdiction to revoke Hanson's probation after his probation had expired. *See Trif*, *supra* (affirming revocation when, before

---

[1]Other circumstances listed in the statute are not relevant here.

3

probation expired, a petition was filed, a warrant was issued and served, and defendant pleaded guilty to violating probation but was not sentenced until after expiration of probation).

Hanson also argues that the circuit court was without jurisdiction to consider alleged violations that occurred after the period of probation had expired. However, the State need only prove a defendant violated one probationary condition in order for a circuit court to revoke probation. *Williams v. State*, 2019 Ark. App. 437, 586 S.W.3d 208. Here, the circuit court's revocation was based on violations that occurred both before and after the expiration of the probationary term. Because Hanson does not challenge the violations that occurred before his probation expired, and only one violation is needed, we affirm.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.