Cite as 2024 Ark. App. 516

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-23-593

| | |
|---|---|
| STEVEN RAY CASEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 30, 2024<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT<br>[NO. 47BCR-17-306]<br><br>HONORABLE KIMBERLY BOLING BIBB, JUDGE<br><br>REVERSED AND DISMISSED |

## BRANDON J. HARRISON, Chief Judge

This appeal from probation-revocation proceedings returns to us after a remand in June to settle the record. *Casey v. State*, 2024 Ark. App. 362. We didn't know quite enough then. We still have questions now, but the record presented does not establish the circuit court had jurisdiction to revoke Steven Casey's probation when it did. So the judgment must be reversed and the petition to revoke dismissed.

On 6 June 2018, Casey received forty-eight months' probation in the Mississippi County Circuit Court (case No. 47BCR-17-306) after pleading guilty to possession of a controlled substance, methamphetamine. In January 2022, the State petitioned to revoke his probation for allegations that included violating a condition not to "commit a criminal offense punishable by imprisonment" in December 2021. The State brought separate felony

charges for that conduct, which included felony fleeing, in the same court (case No. 47BCR-22-15).

Some proceedings were conducted jointly in the 17-306 case (as a revocation matter) and the 22-15 case (as a pretrial matter). We have the revocation half. On 22 February 2022, Casey appeared in circuit court, and the prosecuting attorney served him with the revocation petition. The court entered a form scheduling order with case numbers 47BCR-22-15 and "47BCR-17-306 PTR" filled in. Casey signed it. His next court date in both cases was 6 May 2022—thirty days before the end of his probation period.

Ordinarily, the court's jurisdiction to revoke probation ends when probation ends. *Carter v. State*, 350 Ark. 229, 234, 85 S.W.3d 914, 917 (2002). But Arkansas Code Annotated section 16-93-308 (Supp. 2023) extends the court's jurisdiction to revoke for a "violation of probation" if, before the probation term ends, (1) the defendant is arrested for a violation; (2) a warrant is issued for the defendant's arrest for a violation; (3) a petition to revoke the defendant's probation has been filed, if an arrest warrant is issued within thirty days; or (4) the defendant has been issued either a citation in lieu of arrest under Ark. R. Crim. P. 5 or served a summons under Ark. R. Crim. P. 6 for a violation. *Rowton v. State*, 2020 Ark. App. 174, at 13, 598 S.W.3d 522, 529–30 (citing Ark. Code Ann. § 16-93-308(f) (Supp. 2019)).

May 6 arrived, but Casey didn't show. The circuit court issued an arrest warrant in both case numbers, which was served 17 May 2022. A 23 May 2022 order continued the jury trial to August 2022—presumably in the felony case. Casey signed it too. A

handwritten note at the end, initialed by the circuit judge, reads "Ct sets aside the alias warrant."

No revocation hearing took place within the probation period.[1]

The parties argue about whether the May 6 warrant satisfied the conditions in section 308(f) to extend the court's jurisdiction. The reader might suspect they're overthinking this: if Casey was not arrested, issued a citation, or served with a summons for a probation violation—any of which would have extended the court's jurisdiction already—how did he know to show up at the hearing on February 22? That mystery is for the ages. Nothing in the docket suggests Casey would have been expected, much less compelled, to appear that day. The hearing transcript suggests (1) the court expected to arraign him on the petition to revoke; (2) the prosecutor had the petition ready to serve; and (3) Casey thought he was in court for something else—a felony charge, perhaps in the related case.

---

[1]The State contended in circuit court that serving Casey with the petition at the February 22 hearing extended the court's jurisdiction to revoke. It abandons that argument on appeal.

3

Which leaves the May 6 warrant:

ARREST WARRANT

THE STATE OF ARKANSAS

To all Law Enforcement Officers in the State:

It appearing that there is a reasonable cause to believe that:

NAME: Steven Ray Casey

ADDRESS: ███████████████████████

DOB: ███████ RACE: W SEX: M SSN: _____

Has committed the offense of: FTA .

Original Charge - POCS (methamphetamine) fleeing in veh. cause danger, Driving w/ Lic. cancelled, Ins. required, Viol. of Omnibus DWI, Open container w/alcohol in vehicle a

Class _____ Felony on the _____ day of _____ in Mississippi County, Arkansas, you are hereby commanded forthwith to arrest him/her and bring him/her before the Circuit Court of Mississippi County, Arkansas, Criminal Division, to be dealt with according to law.

The parties agree "FTA" means "failure to appear." If the writing stopped there, it would be plain that the warrant did not extend the court's jurisdiction. Our supreme court held in *Carter* that a bench warrant (or "alias warrant") for failing to appear at a probation-revocation hearing "was not a warrant for [the defendant's] arrest for violation of probation." 350 Ark. at 235, 85 S.W.3d at 918. A line of cases addressing different fact patterns has followed. *Hanson v. State*, 2024 Ark. App. 222; *Rowton, supra*; *Trif v. State*, 2016 Ark. App. 452, 503 S.W.3d 802.

Casey argues this is just an alias warrant for failure to appear. The State argues the warrant was also "for the underlying charge of possession of a controlled substance, as well as the charge of fleeing, which was one of the alleged probation violations in the petition to revoke." Casey is right: we have an alias warrant for failing to appear at a hearing that was set in two cases. The State failed to properly extend circuit court jurisdiction, so the petition to revoke fails. Consequently, the judgment is reversed and the petition dismissed.

4

Reversed and dismissed.

GLADWIN and BROWN, JJ., agree.

*Thompson & Holmes*, by: *Jake Holmes*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.