Cite as 2026 Ark. App. 265

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-244

| | | |
|---|---|---|
| TIMOTHY LEE JENKS | | Opinion Delivered April 29, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NO. 72CR-17-1890] |
| | | |
| STATE OF ARKANSAS | | HONORABLE JOANNA TAYLOR, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Timothy Jenks appeals from a Washington County Circuit Court sentencing order revoking his probation and sentencing him to an aggregate of fifteen years in prison. On appeal, Jenks argues that the circuit court lacked jurisdiction to revoke his probation because his probationary period had expired, and none of the factors in Arkansas Code Annotated section 16-93-308(f) (Supp. 2025) that extend the circuit court's jurisdiction applied. We affirm.

On May 10, 2018, Jenks entered a negotiated guilty plea for three offenses—possession of drug paraphernalia, possession of a controlled substance (Schedule IV) with purpose to deliver, and possession of a firearm by certain persons. He was sentenced to seventy-two months' probation for each offense and ordered to pay a $1000 fine. Jenks signed the terms and conditions of his probation, which were also filed on May 10, that required him to not

commit any new offense punishable by imprisonment, not use controlled substances, report to his probation officer, attend substance-abuse treatment, and pay his fines and fees as directed.

The State filed a petition to revoke on April 10, 2020,[1] alleging that Jenks had violated his probation by testing positive for methamphetamine, failing to report, failing to attend substance-abuse treatment, and failing to pay his fines and fees as directed. An arrest warrant for the probation violation was issued the same day. Jenks was arrested on July 13, 2020. Thereafter, Jenks failed to appear on August 5, 2020; October 14, 2021; and May 13, 2024. Jenks's probation ended on May 10, 2024.

The State filed an amended petition to revoke on February 7, 2025, alleging that Jenks had failed to report to his probation officer as directed; absconded from probation; failed to pay his court-ordered obligations; and committed new offenses of failure to appear, possession of a controlled substance, and possession of drug paraphernalia. At the revocation hearing, the State presented evidence that Jenks reported to his probation officer only twice in four years, failed to complete substance-abuse treatment as ordered, and was $1140 in arrears in his court-ordered financial obligations. Jenks admitted that he has used methamphetamine daily since 2020, and the State introduced sentencing orders showing that Jenks had pled guilty to felony drug offenses in Benton County in December 2021,

_____

[1]The State had filed a petition for revocation in December 2018 but moved to dismiss the petition. In June 2019, the circuit court entered a new sentencing order that granted the motion to dismiss and reinstated all of the previous terms and conditions of probation.

November 2023, and April 2024. At the conclusion of the hearing, the circuit court revoked Jenks's probation, finding that he had violated the conditions of his probation by failing to report, failing to pay his court-ordered financial obligations, failing to complete substance-abuse treatment, committing new felony drug offenses, and using methamphetamine. Jenks was sentenced to an aggregate of fifteen years' imprisonment. This appeal followed.

Jenks contends that the circuit court lacked jurisdiction to revoke his probation because his probationary period had expired, and none of the factors in section 16-93-308(f) that extend the circuit court's jurisdiction applied. This is a statutory-interpretation argument. The correct application and interpretation of an Arkansas statute is a question of law, which we decide de novo. *Minor Child v. State*, 2023 Ark. App. 184, at 6, 665 S.W.3d 246, 250. Our supreme court has stated:

> We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect derived from the whole. *Id.* However, we will not interpret a statute, even a criminal one, so as to reach an absurd conclusion that is contrary to legislative intent. *Windsor v. State*, 338 Ark. 649, 1 S.W.3d 20 (1999).

*Harness v. State*, 352 Ark. 335, 342, 101 S.W.3d 235, 240 (2003).

Arkansas Code Annotated section 16-93-308 provides:

> (f) A court may revoke a suspension of sentence or probation subsequent to the expiration of the period of suspension of sentence or probation if before expiration of the period:

(1) The defendant is arrested for violation of suspension of sentence or probation;

(2) A warrant is issued for the defendant's arrest for violation of suspension of sentence or probation;

(3) A petition to revoke the defendant's suspension of sentence or probation has been filed if a warrant is issued for the defendant's arrest within thirty (30) days of the date of filing the petition; or

(4) The defendant has been:

(A) Issued a citation in lieu of arrest under Rule 5 of the Arkansas Rules of Criminal Procedure for violation of suspension of sentence or probation; or

(B) Served a summons under Rule 6 of the Arkansas Rules of Criminal Procedure for violation of suspension of sentence or probation.

Ark. Code Ann. § 16-93-308(f).

Jenks contends that the circuit court lacked jurisdiction to revoke his probation after his probationary period expired because none of the conditions to extend probation contained in section 16-93-308(f)(1)–(4) applied.[2] He first argues that neither subdivision (f)(1) nor subdivision (f)(2) of section 16-93-308 applies because each subdivision is written in the present tense—i.e., the statute extends a circuit court's jurisdiction "if before expiration of the period" the defendant "is arrested" for a violation of probation or a warrant "is issued" for the defendant's arrest for a probation violation. He then argues that because "upon the expiration of his probationary period" he was not "currently under arrest for a probation

---

[2]The State concedes that subdivision (f)(4) of section 16-93-308 is not applicable.

4

violation" or because there was no "arrest warrant for probation violation currently issued," the circuit court's jurisdiction was not extended. He argues that the legislature could have used the past-tense language "had been arrested" or that an arrest warrant "had been issued" if it intended to mean that a previous arrest or warrant for a probation violation would suffice. His argument suggests that the arrest or the issuance of the arrest warrant must occur simultaneously or contemporaneously with the expiration of probation in order to extend the circuit court's jurisdiction under section 16-93-308(f)(1) or (f)(2).[3]

The statute's use of the present tense in subdivisions (f)(1) and (f)(2) enumerating the criteria that must occur "before expiration of the [probation] period" in no way supports Jenks's "textual argument" that the circuit court lacked jurisdiction under the plain language of the statute. In the first instance, if a defendant "is arrested" "before the expiration of the [probationary] period," jurisdiction is extended. Ark. Code Ann. § 16-93-308(f)(1). In this case, that happened on April 10, 2020, years before the expiration of the probationary period. In the second instance, if "[a] warrant is issued for the defendant's arrest for violation of . . . probation" "before the expiration of the [probationary] period," jurisdiction is extended. Ark. Code Ann. § 16-93-308(f)(2). In this case, that happened on July 13, 2020, again, years before the expiration of the probationary period. Plainly read and strictly construed, the circumstances of this case clearly meet the statutory criteria. There is simply

---

[3]Jenks did not raise this issue below; however, because it is a matter of jurisdiction, it may be raised for the first time on appeal. *Trif v. State*, 2016 Ark. App. 452, at 4, 503 S.W.3d 802, 805.

no language within the statute that somehow requires that an arrest warrant be issued or a defendant be arrested "upon" or at the moment of the expiration of the probation period for the circuit court's jurisdiction to be extended.

Case law supports our statutory interpretation that a circuit court's jurisdiction to revoke probation is extended at the moment the events in subdivision (f)(1) or (f)(2) occur as long as the events occur within the probationary period. In *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002), the supreme court analyzed the statutory exceptions for extending a circuit court's probation jurisdiction, which at that time were codified at Arkansas Code Annotated section 5-4-309(e) (Supp. 2001).[4] The supreme court held that under the plain language of section 5-4-309(e), revocation of probation subsequent to the expiration of the probation period is authorized only upon an arrest for violation of probation or when "a warrant is issued for [an] arrest for violation of . . . probation" *during* the probation period. *Id.* at 235, 85 S.W.3d at 918.[5]

---

[4]Section 5-4-309(e) provided: "The court may revoke a suspension or probation subsequent to the expiration of the period of suspension or probation, provided the defendant is arrested for violation of suspension or probation, or a warrant is issued for his arrest for violation of suspension or probation, before expiration of the period."

[5]In *Carter*, the supreme court held that an alias bench warrant for failure to appear—as opposed to a warrant for violation of probation as in the present case—issued before the expiration of probation did not extend jurisdiction beyond the probation period. *Carter*, 350 Ark. at 237, 85 S.W.3d at 919 ("When Ms. Carter's probation period expired without her having been arrested for a probation violation and without an arrest warrant having been issued for violation of probation, the circuit court lost jurisdiction to revoke her probation under Ark. Code Ann. § 5-4-309(e).").

This court has reached the same conclusion on numerous occasions. *See Malone v. State*, 2025 Ark. App. 83, at 3 n.4, 705 S.W.3d 896, 899 n.4 (noting that pursuant to section 16-93-308(f)(2), the circuit court had jurisdiction to revoke a suspended imposition of sentence (SIS) in February 2023—after the expiration of the suspension period in September 2022—because in March 2022, before the expiration of the period, an arrest warrant had been issued for the defendant's violation of the SIS); *Hanson v. State*, 2024 Ark. App. 222, at 3 (holding that under section 16-93-308(f)(1) and (f)(2), the circuit court had jurisdiction to revoke probation in 2022 after the period of probation had expired in 2020 because a warrant for Hanson's arrest had been issued in 2017, and his arrest had been made in 2018—before his probation expired); *Heatherman v. State*, 2023 Ark. App. 40, at 5 n.2, 660 S.W.3d 370, 372 n.2 (noting that the circuit court had jurisdiction to revoke the defendant's probation in January 2022—after her probation expired in December 2021—because a "warrant had been issued for her arrest [in September 2019] before the probationary period expired"); *Adams v. State*, 2020 Ark. App. 501, at 3, 612 S.W.3d 191, 192 (holding that despite the defendant's probation period ending in February 2016, the circuit court had jurisdiction to revoke the defendant's probation in February 2017 pursuant to section 16-93-308(f)(1) and (f)(2) because an arrest warrant for his probation violation had been issued in August 2015 and was returned in September 2015).

Additionally, we will not interpret statutes to reach an absurd result. *Harness*, *supra*. Jenks's interpretation of section 16-93-308(f)(1) and (f)(2) leads to an illogical conclusion: an arrest warrant for a probation violation must be issued or an arrest for a probation violation

must be made upon the time a probation period expires—it cannot occur at any time prior. We note that had the legislature intended to extend jurisdiction under section 16-93-308(f)(1) only if a defendant was "currently under arrest" at the expiration of probation, it could have easily used that language. Likewise, had the legislature intended to extend jurisdiction under section 16-93-308(f)(2) only if there was an arrest warrant for a probation violation "currently issued" at the expiration of probation, the legislature would have so stated.[6] The statute contains no such language.

In sum, Jenks was on probation from May 10, 2018, to May 10, 2024. On April 10, 2020, the State filed a petition to revoke, and on that same day, an arrest warrant was issued for "VIOLATION OF PROBATION." Jenks was arrested on July 13, 2020. We hold that the issuance of the arrest warrant on April 10, 2020, or Jenks's arrest on July 13, 2020, extended the court's jurisdiction to revoke beyond the probationary period under Arkansas Code Annotated section 16-93-308(f)(1) or (f)(2).[7] Therefore, we affirm the revocation of Jenks's probation.

Affirmed.

---

[6]Jenks cites *Carlson v. Landon*, 342 U.S. 524, 546 (1952), for the proposition that the arrest warrant had been exhausted at the time of the revocation, where the Supreme Court stated that "[i]t has been said that the rule in criminal cases is that a warrant once executed is exhausted." Reliance on that statement is misplaced. First, that case has no effect on how we interpret section 16-93-308(f)(2) in this case. And second, the statement in *Carlson* related to whether the initial arrest warrant can serve as the basis for a rearrest after release.

[7]Because either section 16-93-308(f)(1) or 16-93-308(f)(2) extended the circuit court's jurisdiction in this case, we need not address Jenks's argument relating to subdivision (f)(3).

THYER and BROWN, JJ., agree.

*D. Franklin Arey III*, for appellant,

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.